**Wayne ARRINGTON, et al., Plaintiffs,**

v.

**CITY OF MACON, Defendant.**

**Civ. A. No. 91–182–2–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

Sept. 26, 1994.

Bonnie Kirkland Cole, Robert S. Slocumb, Macon, GA, for plaintiffs.

Susan S. Cole, John William Collier, Joan W. Harris, Macon, GA, for City of Macon.

**ORDER**

Before the court is defendant's motion for partial summary judgment. The sole issue before the court is whether the salary test regulations set forth in 29 C.F.R. § 541.118 are applicable to a public employer such as the City of Macon. Neither the United States Supreme Court nor the Eleventh Circuit Court of Appeals has indicated explicitly or implicitly that the regulations set forth in 29 C.F.R. § 541.118 are inapplicable to public employers. In fact, on at least two occasions, the Eleventh Circuit has conducted a thorough analysis of the requirements of § 541.118 in the context of public employment. *See Avery v. City of Talladega,* 24 F.3d 1337 (11th Cir.1994); *Atlanta Professional Firefighters Union, Local 134 v. City of Atlanta,* 920 F.2d 800 (11th Cir.1991). Further, in the landmark United States Supreme Court decision of *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), in which the Court held the overtime and minimum wage requirements of the Fair

Labor Standards Act ("FLSA") applicable to public employers, the Court drew no distinction between the applicability of the FLSA to public and private employers. Therefore, in the absence of any binding authority to the contrary, this court is unwilling to take the extraordinary step requested by defendant and find the salary test regulations set forth in 29 C.F.R. § 541.118 inapplicable to public employers. Accordingly, defendant's motion for partial summary judgment is DENIED.

SO ORDERED.

/s/ Wilbur D. Owens, Jr.
WILBUR D. OWENS, JR.,
UNITED STATES DISTRICT
JUDGE